BRENNAN v. TRUSTEES OF VILLAGE OF BATH.

(Supreme Court, Appellate Division, Fourth Department.    March 8, 1911.)

1. MUNICIPAL CORPORATIONS (§ 821*)—TORTS—DEFECTS IN PUBLIC WAYS—
EVIDENCE—SUFFICIENCY.

In an action against a city for the death of plaintiff's intestate caused by a defective walk, evidence *held* sufficient to take the case to the jury on the question of the city's negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 821.*]

2. MUNICIPAL CORPORATIONS (§ 821*)—TORTS—DEFECTS IN PUBLIC WAYS—
CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a city for the death of plaintiff's intestate caused by a defective walk, evidence on the issue of contributory negligence *held* to raise a question for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 821.*]

McLennan, P. J., and Williams, J., dissenting.

Appeal from Trial Term, Steuben County.

Action by Johanna Brennan, as sole administrator of the estate of Hugh Brennan, deceased, against the Trustees of the Village of Bath. From an order and judgment dismissing the complaint, plaintiff appeals.  Reversed and remanded.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Warren J. Cheney, for appellant.
James McCall, for respondent.

KRUSE, J.   Hugh Brennan fell into a pond in the village of Bath and was drowned, so it is claimed, and it is contended that he came to his death through the fault of the defendant village; the claim being that the highway which runs along beside the pond was in an unsafe and dangerous condition, and not properly and sufficiently guarded on the side next to the pond, that Brennan in passing along the cinder path or walk on the margin next to the pond stepped into a hole, and was precipitated into the water.  The action is for damages sustained by the widow and children, occasioned by the death of Brennan.  At the close of the plaintiff's evidence a nonsuit was granted, upon the ground that the plaintiff had failed to show that Brennan was free from contributory negligence, and the complaint dismissed.

The question of defendant's negligence is hardly debatable.  As has been said, on the margin of this highway, next to the pond, there was a cinder pathway used by pedestrians.  In various places the bank had caved in, leaving holes extending into the path or walk.  The fence on the bank had become dilapidated, and insufficient to prevent persons from falling into the pond.  Several casualties of this kind resulting in the loss of life had happened before the one in question, and the village officers had had actual notice thereof and of the unsafe and dangerous condition of the highway.

The more serious question is whether the evidence is sufficient to show that the defective and unguarded condition of the highway was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the cause of Brennan's death; and, if so, whether his freedom from contributory negligence was established. I think the evidence was sufficient upon both questions, and that the defendant should have been put to its proof. Brennan was last seen alive on the night of October 31, 1908, between 11 and 12 o'clock, at the Road House in the village, eating a bowl of clam chowder. He would naturally take the highway in question to get to his home. The next morning his body was found in the pond about 15 or 20 feet from a place where the side of the walk had caved in, and where it is claimed that Brennan fell. He was a man 63 years old and in good health, and it can be found from the evidence that when last seen alive he was sober and his faculties in a normal condition.

While the witnesses differ as to the precise condition of the highway and fence at the particular place, the jury would have been warranted in finding that the hole was 3 feet or more deep, the break extending from the top at an angle of 45 degrees or more, making a V-shaped break in the bank, and extending 2½ feet or more into the sidewalk; that the fence on the bank leaned over toward the pond; that all of the boards except the rail and top board were off, thus leaving a space entirely open below, except a wire, and that had become loose and was buried in the cinders which had caved off from time to time; that the hole had existed for several months, and others had fallen into it. On the morning of the finding of Brennan's body, it appeared from the description given by some of the witnesses that there were footprints in the cinders and loose material at the place where the bank had broken away and caved in. Stones were turned over and the leaves were brushed together in a row. When Brennan's body was taken out of the water, cinders were found adhering to the back of his coat and in the back of the neck and in the hair, and there was a bruise on the side of the head. While there were electric lights in the vicinity, there is evidence showing that they were not always lighted; and, besides, at the place in question there were trees and shrubbery, which made the place dark. The depth of the water in the pond varied. When not in use, the pond would fill up. It was from five to six or seven feet deep where it is claimed Brennan was drowned, and on the bottom was soft mud, from 18 inches to 2 or 3 feet deep.

Without calling attention to other circumstances, I think the evidence is such that a jury could find therefrom that Brennan stepped into this hole or so near it that the loose cinders and material gave way and precipitated him into the pond, and that he was drowned. It is not improbable that in falling he may have been injured to such an extent as to become dazed or unconscious, or even more seriously than that. But that he lost his life as a result of the unsafe condition of this highway, and without fault upon his part, I think the jury would be warranted in finding from the evidence as it now stands.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except McLENNAN, P. J., and WILLIAMS, J., who dissent upon the ground that defendant was not shown guilty of actionable negligence, nor the plaintiff's intestate free from contributory negligence.